IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Richard Allen Smuda, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 3:09-cv-114 |
| vs. ) | |
| ) | |
| State of North Dakota, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

Petitioner Richard Allen Smuda ("Smuda") filed a petition for habeas relief under 28 U.S.C. § 2254.  (Doc. # 1).  He also filed several letters supplementing his petition.  (Docs. #3, #4, #5, #6, #7, #8).  When a prisoner seeks redress from a governmental entity the court must conduct an initial review of the petition prior to service upon the respondent.  28 U.S.C. § 1915A(a).

In his petition Smuda states that on March 10, 1987 he was convicted of gross sexual imposition, drug paraphernalia, and possession of drugs.  He was sentenced to five years of imprisonment with one year suspended.  Smuda served his entire sentence and is not currently incarcerated for those crimes, but is civilly committed as a sexually dangerous individual.  Smuda's petition for habeas relief only challenges the constitutionality of the March 10, 1987 convictions.  Smuda previously challenged the constitutionality of his civil commitment before this court in Case No. 3:09-cv-64.

Habeas corpus is available to prisoners "*in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3) (emphasis added).  The statutory language has been interpreted as "requiring that the habeas petitioner be 'in custody' under the

conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 790 U.S. 488, 490-91 (1989). A petition filed after the sentence has expired fails to satisfy the custody requirement. Cotton v. Mabry, 674 F.2d 701, 703-04 (8th Cir. 1982). Accordingly, it is

**RECOMMENDED** that:

1. Richard Allen Smuda's petition for habeas relief **BE DISMISSED** with prejudice;

2. The court certify that an appeal from the dismissal of this action may not be taken IFP because such an appeal would be frivolous and cannot be taken in good faith; and

3. A certificate of appealability not be issued with respect to any of the issues raised by Richard Allen Smuda in this action.

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and by filing with the Clerk of Court no later than April 12, 2010, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

Dated this 23rd day of March, 2010.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge